IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARLEEN E. EVANS, | ) | CASE NO. 1:09 CV 1081 |
| | ) | |
| Plaintiff, | ) | JUDGE NUGENT |
| | ) | |
| | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| v. | ) | |
| | ) | |
| MICHAEL J.ASTRUE, | ) | **REPORT AND RECOMMENDATION** |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule.  The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Arleen E. Evans' application for Disability Insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §1381 *et seq.*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court recommends that the decision of the Commissioner be REVERSED and REMANDED to the Social Security Administration for further consideration.

## I.  INTRODUCTION and PROCEDURAL HISTORY

In November 2005, Plaintiff filed applications for DIB and SSI, alleging that she had been disabled since October 29, 2005, due to leg and ankle swelling (Tr. 14, 42).  The state

agency denied Plaintiff's applications initially and upon reconsideration (Tr. 45, 48, 53). Plaintiff requested a hearing and, on August 18, 2008, appeared with counsel and testified before Administrative Law Judge Peter Beekman (the "ALJ") (Tr. 259-285). Robert Newman, M.D., a medical expert (the "ME"), and Ted Macy, a vocational expert (the "VE"), also appeared and testified at Plaintiff's hearing (Tr. 272, 274). On September 26, 2008, the ALJ issued a written decision finding that Plaintiff was not disabled (Tr. 9-19). In making his decision, the ALJ followed the familiar five-step sequential evaluation.[1] The ALJ found at Step Five that Plaintiff's retained the residual functional capacity ("RFC") for sedentary work that was low stress and did not involve production quotas or more than minimal interaction with the public,

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1)  If a claimant is doing substantial gainful activity – i.e., working for profit – he is not disabled.

(2)  If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

(3)  If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4)  If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

(5)  Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

and that Plaintiff's RFC allowed her to perform a significant number of jobs in the national economy (Tr. 16-19).  In January 2009, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner (Tr. 4).  On appeal, Plaintiff claims that the ALJ erred: (1) by failing to properly evaluate the medical and opinion evidence; and (2) by relying improperly on evidence that was not in the record.

Born on April 20, 1961, Plaintiff was 47 years old at the time of the hearing and a "younger individual" for purposes of the Social Security regulations (Tr. 23, 24, 252, 259).  *See* 20 C.F.R. §§404.1563, 416.963.  Plaintiff completed the twelfth grade and has past relevant work as a supervisor doing lawn care, a cashier, and a home health care aide (Tr. 66, 261).

## II.  <u>DISABILITY STANDARD</u>

A claimant is entitled to receive DIB and/or SSI benefits only when he establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  *See* 20 C.F.R. §§ 404.1505; 416.905.

## III.  <u>STANDARD OF REVIEW</u>

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See* *Cunningham v. Apfel*, 12 Fed. Appx. 361, 362 (6th Cir. June 15, 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S.

389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Secretary of Health & Human Servs.,* 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* Indeed, the Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Secretary of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## IV.  ANALYSIS

### A.  Whether the ALJ Failed to Properly Consider the Opinion and Medical Evidence

Plaintiff argues that the ALJ failed to address in his written decision evidence submitted by three individuals: (1) Mr. Edelstein, an occupational therapist; (2) Dr. Steckler, a treating doctor; and (3) Lillie Johnson, Plaintiff's daughter. The court addresses separately below the merits of Plaintiff's arguments with respect to each of these individuals.

4

### 1. Mr. Edelstein

Plaintiff first argues that the ALJ failed to consider Mr. Edelstein's physical therapy evaluation. Mr. Edelstein is an occupational therapist with the Department of Rehabilitation Services at University Hospitals Case Medical Center.  On May 6, 2008, Plaintiff visited Mr. Edelstein upon the referral of Dr. Wanda Cruze-Knight for an evaluation of Plaintiff's physical abilities to perform work-related tasks (Tr. 235).  Mr. Edelstein opined that Plaintiff could perform sedentary work but that she had a number of additional and significant work-related limitations.  Specifically, Mr. Edelstein opined that Plaintiff had occasional tolerance for walking in that she could walk continuously for 5 minutes and a total of 10 minutes per hour; no tolerance for static standing tasks due to weight-bearing problems with her right ankle; frequent tolerance for sitting in that she would need to take short breaks when sitting longer than 30 minutes; occasional tolerance for bending at the waist and climbing stairs; and no tolerance for squatting, kneeling, crawling or balancing for tasks requiring more than minimal balance (Tr. 235).  Mr. Edelstein further opined that Plaintiff could occasionally lift 5 to 10 pounds (Tr. 235). Mr. Edelstein's assessment was based on his examination of Plaintiff and testing of Plaintiff's functional abilities.  An evaluation performed before functional testing showed active functional motion for all extremities, intact strength, and essentially no atrophy at the ankles (Tr. 238).

Social Security Ruling 06-03p explains how the Commissioner is to consider opinions and other evidence issued from sources such as Mr. Edelstein who are not "acceptable medical sources" within the meaning of the rules and regulations.  SSR 06-03p, 2006 WL 2329939. Although "other sources" like Mr. Edelstein cannot establish the existence of a medically determinably impairment or impairments, the information provided by such sources "may

provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* at *3. The "opinions from non-medical sources who have seen the claimant in their professional capacity should be evaluated by using the applicable factors, including how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (internal citations omitted). SSR 06-03p further states that:

> [a]lthough there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions for these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03p, 2006 WL 2329939 at *7.

In this case, although the ALJ stated that he considered all the opinion evidence in accordance with, *inter alia*, "SSR 06-3p," the reference to "SSR 06-3p" appears in a general recital of rules and regulations that might apply to any disability determination. The ALJ did not mention Mr. Edelstein's report specifically or give any specific explanation of the weight he assigned to the functional limitations described in that report (Tr. 16). Thus, it is unclear from the record whether the ALJ considered Mr. Edelstein's opinion at all.

Furthermore, Mr. Edelstein's assessment might have had an impact on the case. The ALJ in this case determined that Plaintiff retained the capacity for a full range of sedentary work exertionally. "Sedentary work" involves lifting no more than ten pounds at a time and occasionally lifting or carrying small articles. Although sedentary jobs primarily involve sitting, standing and walking may be required occasionally. 20 C.F.R. §§ 404.1567(a), 416.967(a). Mr.

Edelstein's opinion – i.e., that Plaintiff had occasional tolerance for walking in that she could walk continuously for 5 minutes and a total of 10 minutes per hour; no tolerance for static standing tasks due to weight-bearing problems with her right ankle; frequent tolerance for sitting in that she would need to take short breaks when sitting longer than 30 minutes; occasional tolerance for bending at the waist and climbing stairs; no tolerance for squatting, kneeling, crawling or balancing for tasks requiring more than minimal balance; and that Plaintiff could occasionally lift 5 to 10 pounds (Tr. 235) – would restrict Plaintiff from the full range of sedentary work.  Furthermore, these limitations – if included in a hypothetical to the VE – might have impacted significantly the number of jobs available in the national economy.

As Defendant suggests, the ALJ was not required under 20 C.F.R. § 404.1527(d) or any other rules or regulations to give any special level of deference to Mr. Edelstein's assessment. However, the ALJ was required, under SSR 06-03p, to consider the opinion and to ensure that his discussion of the evidence would allow subsequent reviewers to follow his reasoning.  *See* SSR 06-03p, 2006 WL 2329939.  The ALJ failed to do this, and the ALJ's failure in this regard constituted error.  *Accord Cruse*, 502 F.3d at 540-42.  In *Cruse*, the plaintiff argued that the ALJ erred by failing to assess the opinion of nurse practitioner Hasselle in accordance with SSR 06-03p.  *Id.*  The court noted that "the ALJ summarized Hasselle's findings, [but] he did not give Hasselle's opinion significant weight or explain his reasons for discounting Hasselle's findings." Although the court declined to apply SSR 06-03p on the grounds that the ruling had not been implemented while the plaintiff's case was pending at the administrative level, the court suggested that the ALJ's treatment of Hasselle's opinion would not have been sufficient to comply with the ruling.  *Id.*  The court stated, "[f]ollowing SSR 06-03p, the ALJ *should have*

*discussed the factors relating to his treatment of Hasselle's assessment, so as to have provided some basis for why he was rejecting the opinion.* However, SSR 06-03p was not implemented until August 9, 2006, after the Administration had issued its December 4, 2004 final decision through the Appeals Council. . . . *Should Cruse bring another claim before the Administration, the ALJ would be bound by SSR 06-03p.*" *Id.* (Emphasis added).

Courts in this circuit considering the issue after the promulgation of SSR 06-03p and the decision in *Cruse* have reversed and remanded where the ALJ did not comply sufficiently with SSR 06-03p. *See e.g., Potter v. Astrue, 2010 WL 2679754 at * 10 (S.D. Ohio Jun. 2, 2010)* (finding the ALJ's summary rejection and failure to mention or consider the opinion of the plaintiff's therapist in accordance with the directives of SSR 06-03p to constitute error); *Butterman v. Astrue, 2009 WL 530121 at *6 (S.D. Ohio Feb. 27, 2009)* (reversing and remanding where the ALJ failed to indicate how the evidence submitted by "other sources" was evaluated and weighed, even though the ALJ mentioned the "other sources'" findings in the written decision); *Roberts v. Astrue, 2009 WL 1651523 at *7-8 (M.D. Tenn. Jun. 11, 2009)* (finding reversible error where the ALJ failed to mention or evaluate the assessments completed by the plaintiff's case managers and others at his mental health treatment center, even though the ALJ need not have deferred to those assessments, and even though the ALJ mentioned SSR 06-03p in her written decision); *Harthun v. Comm'r of Soc. Sec., 2008 WL 2831808 at *1, 7 (W.D. Mich. Jul. 21, 2008)* (reversing and remanding because the ALJ did not consider and summarily rejected the opinions of two "other sources"); *Lohr v. Comm'r of Soc. Sec., 559 F. Supp. 2d 784, 792-94 (E.D. Mich. 2008)* (reversing and remanding where the ALJ failed to mention or consider additional limitations stated by the plaintiff's employers);

Although the ALJ cited SSR "06-3p" in a general fashion, the ALJ's failure even to mention Mr. Edelstein in his written decision, let alone discuss or explain the weight given to Mr. Edelstein's findings, makes it impossible to tell whether the ALJ considered his assessment at all.  These failures run afoul of SSR 06-03p, preclude meaningful review of the ALJ's decision, and constitute reversible error.  Thus, the court recommends that the decision of the ALJ be reversed and remanded to allow for explicit consideration of Mr. Edelstein's opinion.

### 2.  Dr. Steckler

Plaintiff next argues that the ALJ erroneously failed to consider Dr. Steckler's records. From October 5, 2007 to January 26, 2008, Plaintiff was in psychiatric treatment with Dr. Steckler, who diagnosed Plaintiff with depression and anxiety on several occasions (Tr. 207, 209, 212, 214, 217).  He also assessed Plaintiff's symptoms as "severe" on a scale of "none," "mild," "moderate," and "severe" (Tr. 208, 210, 213, 215, 218).

Plaintiff acknowledges that Dr. Steckler did not provide an assessment of Plaintiff's ability to function in a work setting but notes that Dr. Steckler diagnosed anxiety and depression, and that he felt Plaintiff's symptoms were severe.  Defendant argues in response that the ALJ was justified in not considering Dr. Steckler's records.  In support of this argument, Defendant notes that Dr. Steckler only "felt" Plaintiff's symptoms were severe.  Defendant also argues that although Dr. Stegler may have diagnosed anxiety and depression, the mere diagnosis of an impairment reveals nothing about the severity of the impairment or about what limitations the individual has as a result of the impairment.  The parties do not dispute that Dr. Steckler qualifies as Plaintiff's treating physician.

A treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d), 416.927(d).  If a treating physician's opinion is not given controlling weight, the ALJ "must apply certain factors – namely the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source – in determining what weight to give the opinion." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 1527(d)).  Finally, if the ALJ does not give the opinion of a treating source controlling weight, he must articulate "good reasons" for doing so and a failure to adhere to this procedural requirement generally constitutes reversible error. *Id.*  Yet an ALJ's failure to adhere to the "good reasons" requirement may not be cause for remand where the ALJ essentially adopts the treating source's opinion. *See id.* at 547 ("There is also the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give good reasons for not giving such weight is correspondingly irrelevant.").

As Plaintiff notes, Dr. Steckler did not provide any opinions regarding Plaintiff's functional limitations; instead, he provided records listing diagnoses of anxiety and depression and describing Plaintiff's symptoms as "severe" on a scale ranking "severe" highest.  The ALJ did not mention Dr. Steckler by name or discuss his findings in the written decision.  Obviously, the ALJ is required under the regulations to consider the evidence submitted by treating sources and to evaluate that evidence in accordance with the regulations.   However, it is not entirely

clear that the ALJ in this case made findings that were inconsistent with the evidence Dr. Steckler submitted.  First, the ALJ determined that Plaintiff's affective disorders constituted severe impairments (Tr. 14).  The ALJ further found that Plaintiff would only be able to perform sedentary work that was low stress, did not include production quotas, and would not involve more than minimal interaction with the public (Tr. 16).  Although Dr. Steckler felt that Plaintiff's symptoms were "severe" on a scale ranking "severe" highest, that opinion standing alone would not indicate necessarily that Plaintiff's symptoms are of a disabling level of severity, nor does it reflect an opinion about what limitations Plaintiff's symptoms might cause. Plaintiff does not explain how Dr. Steckler's findings are inconsistent with the ALJ's analysis or RFC determination.  Because it is not at all clear that the ALJ even rejected any of Dr. Steckler's findings, this issue does not provide an independent basis for remand.  However, because this case should be remanded for the reasons outlined above – i.e., because the ALJ erroneously failed to comply with SSR 06-3p's requirements regarding the assessment of "other sources" – the court finds that it would be appropriate for the ALJ on remand to specifically address Dr. Steckler's records and evaluate them according to the factors set forth in the regulations.

### 3.  Lillie Johnson

Plaintiff next argument concerns the witness statement provided by Plaintiff's mother, Lillie Johnson.   In her statement, Ms. Johnson described Plaintiff's problems, especially Plaintiff's moodiness and absentmindedness, and how it is "one thing after another" with Plaintiff (Tr. 115).  Plaintiff argues that Ms. Johnson's statement is "corroborating evidence of [Plaintiff's] limited ability to function" and that the ALJ erroneously ignored her statement. Defendant does not specifically address this argument.

Plaintiff is correct in that the ALJ did not specifically address Ms. Johnson's letter in his written decision.  However, an ALJ is not required to address every piece of the evidence in the record in reaching his decision.  Indeed, "'[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.  Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.'" *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507-08 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

In this case, the ALJ found that Plaintiff's affective disorders and strains and sprains constituted severe impairments.  He further found that Plaintiff has moderate difficulties in maintaining social functioning and mild difficulties in maintaining concentration, persistence and pace.  Based on his assessment of the record evidence, the ALJ determined that Plaintiff retained the capacity for a range of sedentary work that was low-stress and did not involve production quotas or more than minimal interaction with the public.  Although Plaintiff claims that Ms. Johnson's statement is "corroborating evidence of [Plaintiff's] limited ability to function," she does not explain how Ms. Johnson's statement is any way inconsistent with the ALJ's determination.  The court also notes that the assessment of the credibility of lay witnesses, as well as the weight to be their testimony, is peculiarly the province of the ALJ.  Statements by lay witnesses must be given "perceptible weight" only where they are supported by the medical evidence.  Plaintiff does not devote any argument specifically to how Ms. Johnson's statements are supported by the medical evidence.  Thus, the court finds that the ALJ did not err with respect to this issue.

12

### B.  Whether the ALJ Erroneously Relied on Evidence Not Included in the Record

Plaintiff next argues that the ALJ erroneously relied on state agency opinions that are not in the record.  The portion of the ALJ's determination to which Plaintiff refers is as follows:

> As for the opinion evidence, the residual functional capacity conclusions reached by the physicians employed by the State Disability Determination Services also supported a finding of 'not disabled.'   Although those physicians were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve some weight , particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision).

(Tr. 17).

As Plaintiff notes, the ALJ does not cite to any exhibits in this portion of the written decision or otherwise indicate to what evidence he is referring in making these statements regarding the state agency physicians.  Defendant appears to argue that the ALJ clearly was referring to the disability determinations located at pages 23, 24, 248, and 252 of the transcript, wherein Drs. Caldwell and Demuth assisted in the determinations that Plaintiff is not disabled. Defendant further argues that the ALJ was entitled, pursuant to SSR 96-6p, to rely upon these doctors' ultimate determinations regarding Plaintiff's disability in making his own determination.

The court questions Defendant's argument for a few reasons.  First, the ALJ stated that the state agency physicians' opinions regarding Plaintiff's "*residual functional capacity* also supported a finding of 'not disabled'" (Tr. 17).  Nowhere in the disability determinations to which Defendant refers do there appear any statements from state agency physicians concerning Plaintiff's residual functional capacity; these determinations indicate only that Plaintiff is not

13

disabled.  *See* tr. 23-24, 248, 252.  Furthermore, the ultimate determination of disability rests

with the ALJ, not with any physician, including a state agency physician.  SSR 96-6p states that

> the opinions of State agency medical and psychological consultants and other
> program physicians and psychologists can be given weight only insofar as they
> are supported by evidence in the case record, considering such factors as the
> supportability of the opinion in the evidence . . . the consistency of the opinion
> with the record as a whole, including other medical opinions, and any explanation
> for the opinion provided by the State agency medical or psychological factors that
> could have a bearing on the weight to which an opinion is entitled, including any
> specialization of the State agency medical or psychological consultant

SSR 96-6p, 1996 WL 374180.  The ruling further indicates that although an ALJ is "not bound

by findings made by State agency or other program physicians and psychologists," he "may not

ignore these opinions and must explain the weight given to the opinions."  *Id.*  The ruling does

not state, as Defendant suggests, that an ALJ properly may rely upon a state agency physician's

ultimate determination that a claimant is not disabled.  Indeed, such a provision might in many

cases run counter to the treating physician rule, as well as the other Social Security rulings and

regulations dealing with the ALJ's assessment of medical source opinions.

Ultimately, the record does not contain any discernible opinion evidence from state

agency physicians.  As both parties appear to agree, the only evidence involving state agency

physicians consists of the disability determinations at the initial and reconsideration levels.

These forms do not contain any statements concerning Plaintiff's residual functional capacity,

other than a general indication that Plaintiff is not disabled.  The ALJ's statements about the

weight he gave to the state agency physicians' alleged opinions, therefore, are confusing and

potentially based on evidence that is not in the record.  Although the ALJ technically may have

complied with SSR 96-6p in the sense that he did not ignore and explained the weight he gave to

the state agency physicians' "opinions," the problem is that it is quite unclear to a subsequent

reviewer what "opinions" the ALJ is referring to, thereby precluding meaningful review of the ALJ's determination with respect to this issue.  Accordingly, the court finds that the ALJ should revisit this issue upon remand.

## V.  RECOMMENDATION

For the foregoing reasons, the court finds that the decision of the Commissioner that Plaintiff was not disabled is not supported by substantial evidence.  Accordingly, the Court recommends that the decision of the ALJ be REVERSED and REMANDED for further proceedings not inconsistent with this Report and Recommendation.


s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: July 28, 2010.


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation.